Filed 1/12/22  P. v. Briley CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TERRY CHARLES BRILEY,<br><br>    Defendant and Appellant. | F082579<br><br>(Super. Ct. No. VCF347137)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P. J., Smith, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

This appeal is limited to matters occurring after entry of the plea which does not challenge the plea, and thus lies pursuant to California Rules of Court, rule 8.304(b)(4)(B).

## STATEMENT OF THE CASE

On February 15, 2017, the Tulare County District Attorney's office filed the case complaint.

On March 20, 2017, criminal proceedings were suspended for an evaluation to determine Briley's competency to stand trial.

On April 27, 2017, Briley was found not competent to stand trial.

On August 21, 2017, Briley was transferred to Atascadero State Hospital for competency restoration. His competency was restored and on September 21, 2017, he was transported back to the custody of the Tulare County Sheriff's Department. On September 29, 2017, criminal proceedings were reinstated, and Briley entered a plea of no contest to robbery with a firearm under Penal Code sections 211 and 12022.53, subdivision (b).

On October 30, 2017, the trial court sentenced Briley to prison for 12 years.

As relevant here, on March 8, 2021, Briley filed a motion to recall his sentence under Penal Code section 1170, subdivision (d). On March 9, 2021, the trial court denied the motion for lack of jurisdiction.

On March 26, 2021, Briley filed a notice of appeal.

## STATEMENT OF FACTS[1]

The record on appeal does not specifically include a factual basis for Briley's plea since both parties stipulated to a factual basis based upon the police report.

---

[1] We draw the facts stated below from the probation officer's report.

2.

The Offense

The reports of the Visalia Police Department indicate on February 13, 2017, at approximately 4:14 p.m., officers responded to the report of a robbery that had just occurred near an auto supply store. Officers arrived at the scene and contacted C.G. who reported he and his friend were walking down the street when an unknown subject approached them brandishing a gun and yelled, "Give me your phone ese" as he cocked the gun. C.G. dropped his cellphone; Briley picked it up, then fled in a red four door sedan. C.G. reported he was in fear for his life when Briley was aggressively pointing the gun at him.

Assisting officers located the suspect vehicle making a U-turn by Mooney Boulevard and Caldwell Avenue. Officers immediately detained Briley without incident. In the vehicle officers recovered a .22 caliber revolver loaded with five live .22 caliber bullets. Officers also recovered C.G.'s cellphone and it was returned to him.

When questioned, Briley claimed he merely asked C.G. to use his cellphone. Briley later admitted he was homeless and wanted the cellphone so he could sell it. Briley denied ever brandishing a firearm and claimed he had found it while dumpster diving. Briley abruptly yelled, "I can't believe I did all of this for a fucking phone!" Briley was subsequently transported and booked into the custody of the Tulare County Sheriff's Department.

**APPELLATE COURT REVIEW**

Briley's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating Briley was advised he could file his own brief with this court. By letter on June 1, 2021, we invited Briley to submit additional briefing. On June 8, 2021, Briley responded to our invitation with a two-page letter which this court has read and considered.

In reviewing Briley's letter, it appears the matters referenced therein are essentially advancing a claim of ineffective assistance of counsel at the time of the plea. However, the matters stated largely involve facts and circumstances outside the appellate record.

The California Supreme Court in *People v. Mai* (2013) 57 Cal.4th 986 (*Mai*), explained as follows:

> "A criminal defendant's federal and state constitutional rights to counsel (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15) include the right to *effective* legal assistance. When challenging a conviction on grounds of ineffective assistance, a defendant must demonstrate counsel's inadequacy. To satisfy this burden, the defendant must first show counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms. Second, the defendant must show resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. When examining an ineffective assistance claim, a reviewing court defers to counsel's reasonable tactical decisions, and there is a presumption counsel acted within the wide range of reasonable professional assistance. It is particularly difficult to prevail on an *appellate* claim of ineffective assistance. On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*Mai, supra,* 57 Cal.4th at p. 1009.)

It is precisely because evaluation of these factors almost always involves matters outside the record that ineffective assistance claims are conventionally brought in a petition for habeas corpus rather than on direct appeal. (*People v. Mickel* (2016) 2 Cal.5th 181, 198; *People v. Zaheer* (2020) 54 Cal.App.5th 326, 335—336.)

4.

This is the case here.  Briley may elect to pursue a petition for habeas corpus, but this claim cannot be properly evaluated on direct appeal.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Briley.

## DISPOSITION

The order denying Briley's motion to recall his sentence is affirmed.